[No. 29459.    *En Banc.*    April 27, 1945.]

*In The Matter of the Eligibility of* CLARENCE BAXTER.
E. B. RILEY, *as Commissioner of Unemployment Compensation and Placement, Appellant,* v. ST. PAUL & TACOMA LUMBER COMPANY, *Respondent.*[1]

The *Attorney General* and *George W. Wilkins, Assistant,* for appellant.

*Grosscup, Morrow & Ambler,* for respondent.

STEINERT, J.—This proceeding is a companion one to *In re Jullin, ante* p. 1, 158 P. (2d) 319.

The facts in the present proceeding are substantially the same as those in the *Jullin* case, except that the claimant Baxter quit his employment with St. Paul & Tacoma Lumber Company on May 31, 1943, by reason of a labor dispute; that he filed his claim for unemployment compensation benefits on the following day, June 1, 1943; and that he returned to work with that company three days later, on June 4, 1943. We commented, in the *Jullin* case, upon these distinguishing factors. The legal questions involved in the instant appeal are virtually the same as those in the former case.

Upon the authority of the *Jullin* case, and for yet stronger reason, the judgment of the superior court in the instant proceeding is affirmed.

BEALS, C. J., MILLARD, ROBINSON, SIMPSON, and JEFFERS, JJ., concur.

GRADY, J. (dissenting)—I am not in accord with the conclusion reached by the majority opinion for the same reasons set forth in my dissent in the *Jullin* case, to which reference is made.

BLAKE and MALLERY, JJ., concur with GRADY, J.

[*En Banc.*    August 3, 1945.]

PER CURIAM.—After the opinion in this case was filed, respondent presented its application to supplement the opinion, asking that the same be amended by an order fixing a reasonable fee for respondent's attorneys.

The court thereafter, on the 6th day of July, 1945, entered its order fixing the attorneys' fee for respondent's counsel in the sum of $250, and then directed that the parties appear before the court, sitting *En Banc,* on the 17th day of July, 1945, to present their respective theories as to whether or not the attorneys' fee allowed should be paid out of the unemployment compensation administration fund.

And the matter having come on regularly before the court, sitting *En Banc,* on the day referred to, and the court having heard the argu-

[1] Reported in 158 P. (2d) 330; 160 P. (2d) 1022.

ment of counsel for the respective parties, and having examined the briefs filed herein, it is the judgment of the court that compensation allowed to respondent's counsel above referred to for services rendered on the appeal of the above-entitled cause to this court is a proper charge against the unemployment compensation fund, and that the amount be paid out of that fund.

BLAKE and MALLERY, JJ., dissent.